IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN FOSALA TECHNOLOGY CO., LTD., SHENZHEN LIYUE TECHNOLOGY CO., LTD., SHENZHEN HAIMU TECHNOLOGY CO., LTD., HARBIN HAODAYU TECHNOLOGY CO., LTD., SHENZHEN JINHUI YANXUAN E-COMMERCE CO., LTD., SHENZHEN JUNZE DIGITAL TECHNOLOGY CO., LTD., SHENZHEN JIARUIHENG TRADING CO., LTD.,  SHENZHEN JIFENG TRADING CO., LTD., SHENZHEN QILEGAO TECHNOLOGY LTD., SHENZHEN GANGJUN PROPERTY MANAGEMENT CO., LTD. BEIHAI BRANCH, shenzhenshiyiquanmaoyiyouxiangongsi, changchunshihemayingxiangwenhuachuanmeiyouxiangongsi, and SHENZHEN MAIJINDIAN TECHNOLOGY CO., LTD.<br><br>Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

<u>**COMPLAINT**</u>

Plaintiff SHENZHEN JISU TECHNOLOGY CO., LTD. hereby brings the present action against SHENZHEN FOSALA TECHNOLOGY CO., LTD., SHENZHEN LIYUE TECHNOLOGY CO., LTD., SHENZHEN HAIMU TECHNOLOGY CO., LTD., HARBIN HAODAYU TECHNOLOGY CO., LTD., SHENZHEN JINHUI YANXUAN E-COMMERCE CO., LTD., SHENZHEN JUNZE DIGITAL TECHNOLOGY CO., LTD., SHENZHEN JIARUIHENG TRADING CO., LTD.,  SHENZHEN JIFENG TRADING CO., LTD., SHENZHEN QILEGAO TECHNOLOGY LTD., SHENZHEN GANGJUN PROPERTY MANAGEMENT CO., LTD. BEIHAI BRANCH, Amazon Seller:

1

shenzhenshiyiquanmaoyiyouxiangongsi, Amazon Seller: changchunshihemayingxiangwenhuachuanmeiyouxiangongsi, and SHENZHEN MAIJINDIAN TECHNOLOGY CO., LTD. (collectively, "Defendants") for patent infringement and breach of contract.

## THE PARTIES

1. Plaintiff SHENZHEN JISU TECHNOLOGY CO., LTD. ("Plaintiff" or "Jisu") is a Chinese corporation with its principal place of business in Shenzhen, China, and is the owner of the patents asserted in this action.

2. Defendants SHENZHEN LIYUE TECHNOLOGY CO., LTD., SHENZHEN HAIMU TECHNOLOGY CO., LTD., HARBIN HAODAYU TECHNOLOGY CO., LTD., SHENZHEN JINHUI YANXUAN E-COMMERCE CO., LTD. ("Jinhui"), SHENZHEN JUNZE DIGITAL TECHNOLOGY CO., LTD. ("Junze"), SHENZHEN JIARUIHENG TRADING CO., LTD. ("Jiaruiheng"), SHENZHEN JIFENG TRADING CO., LTD., SHENZHEN QILEGAO TECHNOLOGY LTD., SHENZHEN GANGJUN PROPERTY MANAGEMENT CO., LTD. BEIHAI BRANCH, Amazon Seller: shenzhenshiyiquanmaoyiyouxiangongsi, and Amazon Seller: changchunshihemayingxiangwenhuachuanmeiyouxiangongsi, are Chinese companies located in China. These defendants are controlled and operated by Defendant SHENZHEN FOSALA TECHNOLOGY CO., LTD. ("FoSala"), also a Chinese company located in China. FoSala is owned and operated by an individual named Xuefeng Song. See attached **Exhibit 4** ¶¶ 2-11. The defendants identified in this paragraph are collectively referred to as the "FoSala Defendants."

3. SHENZHEN MAIJINDIAN TECHNOLOGY CO., LTD. ("SMT") is a Chinese company located in China.

4. SMT manufactures the Accused Products (identified and defined below), and

the FoSala Defendants work together to sell the Accused Products on online marketplaces. Thus, Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has supplemental jurisdiction over Plaintiff's state law claims for breach of contract pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and this Court may properly exercise personal jurisdiction over the FoSala Defendants because they structure their business activities so as to target consumers in the United States, including New Jersey, through at least the fully interactive e-commerce stores. Specifically, the FoSala Defendants have targeted sales to New Jersey residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including New Jersey, accept payment in U.S. dollars and sell products which infringe Plaintiff's patented invention ("Accused Products"), as described below, to residents of New Jersey.

7. Also, the FoSala Defendants solicit online reviews from customers in New Jersey and accept returns from customers in New Jersey. Each of the FoSala Defendants is committing tortious acts in New Jersey, engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in New Jersey.

8. Upon information and belief, SMT manufactures and sells the Accused Products, knowing that the Accused Products infringe Plaintiff's Patents (identified and defined below) and that the Accused Products are sold in the U.S., including to customers in New Jersey.

## PLAINTIFF'S PATENTS AND PRODUCTS

9. Plaintiff researches, develops, designs and patents inventions and advancements in the field of appliances. Among these inventions are neck fans ("Plaintiff's Products"). Plaintiff's novel inventions, and subsequent improvements and development of unique designs of Plaintiff's Products has led to Plaintiff filing for and having been granted numerous patents, including Plaintiff's patents that are at issue in this matter.

10. Plaintiff is the owner of all right, title, and interest in U.S. Patent Nos. 11,920,602B2, titled "Neck Fan," which issued on March 5, 2024 ("602 Patent") and D928,932S, titled "Fan," which issued on August 24, 2021 ("D932 Patent") (collectively, "Plaintiff's Patents"). Plaintiff's Patents are and were valid and enforceable at all times relevant to this action and are entitled to a presumption of validity under 35 U.S.C. § 282. True and correct copies of Plaintiff's Patents are attached hereto as **Exhibits 1 and 2**.

11. Plaintiff's Products are sold under the brand JISULIFE through its various online stores, including on third-party marketplaces, including Amazon.com, among others. Plaintiff's Products have become popular and well-known and as a result, Plaintiff is one of the top sellers of neck fans on Amazon. Examples of Plaintiff's Products are shown below.



*Figure 1*
*Plaintiff's Products*

12. Because Plaintiff's Products are protected under U.S. patents, Plaintiff routinely gives notice of its patent rights, including on its website (see Figure 2 below) and its Amazon Storefront (see Figure 3 below).

**Specifications**  FAQ

**Brand**: JisuLife

**Product Model**: Neck Fan Life3

**Rated Voltage**: 5.0V ⎓ 2.0A Max

**Battery Capacity**: 4000mAh

**Cell**: Lithium-ion Battery

**Product Weight**: About 9oz

**Charging Time**: 3-5hrs

**Operating Time**: 3-16hrs

**Product Size**: 7.8"*2.4"*7.8"

**NOTE**: JISULFE Neck Fan Life3 is protected by Us Design Patent. (Patent Number:Us11920602B2; US11859625B2; US11795957B2; US11754080B2; US11719250B2; US11661947B2; US11635083B2) Please be aware to identify and choose the JisuLife patent-protected products.

*Figure 2*
*jisulife.com/products/jisulife-bladeless-neck-fan?variant=41949568434398*



*Figure 3*
*https://www.amazon.com/stores/page/F5938577-85C8-4F91-9988-E31CDE8B58A6?ingress=2&lp_context_asin=B0D31DZ9RG&visitId=1a1b71d5-b3ca-4f83-b13d-3e3ad6e04216&store_ref=bl_ast_dp_brandLogo_sto&ref_=ast_bln*

13. The success of Plaintiff's Products has resulted in significant infringement of Plaintiff's Patents. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive internet sweeps.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Plaintiff has identified many fully interactive e-commerce stores offering the Accused Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), Walmart.com ("Walmart"), WhaleCo, Inc. ("Temu") and eBay, Inc. ("eBay"), including the FoSala Defendants' e-commerce stores on Amazon and Walmart, which the FoSala Defendants jointly operate.

15. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell the Accused Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, jointly and severally, knowingly and willfully infringed Plaintiff's Patents in connection with the use and manufacturing of the Accused Products, and distribution, offering for sale, and sale of the Accused Products into the United States and New Jersey over the internet.

16. Defendants' unauthorized manufacturing and/or use of the inventions claimed in Plaintiff's Patents in connection with the distribution, offering for sale and sale of Accused Products, including the sale of Accused Products into the United States, including New Jersey, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

## THE ACCUSED PRODUCTS

17. The FoSala Defendants do not develop, design, or manufacture any products, including the Accused Products. The Accused Products in this case are the M5, R5, S10, S9 and M15 neck fans, which are manufactured by SMT and sold online by the FoSala

Defendants.  See below.  All Defendants have sold one or more of the Accused Products.


*M5*


*R5*



*S10*



*S9*

8



*M15*

## LICENSING AGREEMENTS

**The 2022 Licensing Agreement**

18. In late 2021, FoSala was selling infringing neck fans when it became aware of neck fan patents owned by Jisu. In an effort to avoid litigation, on or about January 27, 2022, Jisu and FoSala entered into a licensing agreement for specific patents owned by Jisu, covering specific Amazon ASINs[1] sold under specific seller aliases. ("2022 Agreement").

19. The purpose of specifying the Amazon ASINs and seller aliases was to minimize goods that compete with neck fans sold by Jisu. Jisu's patents licensed under the 2022 Agreement do not include Plaintiff's Patents.

20. For the period of January 1, 2024 to December 31, 2026, the 2022 Agreement called for certain royalties, for which sales were to be reported and royalties paid on a monthly basis. However, FoSala failed to submit monthly sales reports and only made

---

[1] An ASIN is a product identification number, such as a SKU, that is associated with a particular online product listing. Although an ASIN is unique to the online product listing, the listing itself can be modified by the seller, e.g., replacing the listing with a new product, changing price, etc., while keeping all past consumer reviews for that particular ASIN.

9

unverified royalty payments for the first 3 quarters of 2024. **Exhibit 4** ¶ 25.

21. Moreover, there is no sub-licensing clause in the 2022 Agreement. The 2022 Agreement explicitly states that "[a]ny amendment to this agreement must be in writing and signed by both Parties." No such amendment exists.

**The 2025 Licensing Agreements**

22. In 2024, Jisu observed an influx of infringing goods sold by certain Chinese sellers on Amazon, some under the same seller aliases identified in the 2022 Agreement, as well as additional brands. None of those sellers were FoSala, the sole licensee of the 2022 Agreement.

23. When Jisu approached Mr. Song regarding the issue, Mr. Song acknowledged that those new sellers were his companies and agreed to enter into new licensing agreements, replacing the 2022 Agreement, to avoid litigation.

24. On or about January 1, 2025, in addition to FoSala, Mr. Song's other companies, specifically, Jinhui, Junze and Jiaruiheng (FoSala, Jinhui, Junze and Jiaruiheng collectively, "Licensee Defendants"), entered into four separate licensing agreements with Jisu (and supplemental agreements setting forth royalty rates and an upfront royalty payment), covering specific Amazon ASINs, sold under specific seller aliases, for specific patents owned by Jisu. ("2025 Agreements").

25. The ASINs were intended to identify specific products (style and color), and the seller aliases were intended to identify names of seller aliases and their storefronts. Again, the purpose of specifying the Amazon ASINs and seller aliases was to minimize goods that compete with neck fans sold by Jisu. For the same reason, there is no sub-licensing clause in the 2025 Agreements.

26. The licensed patents in the 2025 Agreements include the '602 Patent (one of Plaintiff's Patents), but do not include the D932 Patent (the other one of Plaintiff's Patents).

27. The 2025 Agreements (and supplement agreements) required that the Licensee Defendants pay an upfront royalty payment by February 2025, and report sales and pay royalties on a monthly basis. Over the course of the first half of 2025, Jisu demanded that Mr. Song and the Licensee Defendants submit monthly sales reports and royalty payments for the 2025 Agreements. Neither Mr. Song nor the Licensee Defendants complied with Jisu's requests, and the Licensee Defendants never reported any sales or pay any royalties.

28. In May 2025, it became clear that Mr. Song and the Licensee Defendants were not going to honor the 2025 Agreements and that Jisu had been duped into entering into the agreements. It was apparent that Jisu would not be receiving any royalty payments under the 2025 Agreements and as such, Jisu believed that the 2025 Agreements were terminated due to the Licensee Defendants' material breach. For safe measure, Jisu notified Mr. Song and the Licensee Defendants of termination via text message on June 23, 2025 and again in official letters on August 12, 2025.

## THE FOSALA DEFENDANTS' SCHEME

29. After months of not receiving the required monthly sales reports and royalty payments under the 2025 Agreements, Jisu discovered that the Accused Products were being sold by multiple Amazon sellers under some of the same seller aliases in the 2025 Agreements, as well as new seller aliases.

30. Upon investigation, for some of the seller aliases, the company names were not recognizable. For example, Jisu was familiar with the seller alias "FrSara" but never licensed to the seller Shenzhen Liyue Technology Co., Ltd. As another example, Jisu did not recognize the seller alias "BZGG," nor had it ever heard of the seller Shenzhen Haimu Technology Co., Ltd. As yet another example, Jisu recognized the seller alias "Gototo," but never heard of the seller Harbin Haodayu Technology Co., Ltd.

31. It was apparent that Mr. Song had set up new companies to avoid paying

royalties. It was also apparent that new ASINs for the Accused Products were created to sell more infringing goods without paying royalties. Indeed, Mr. Song's companies, the FoSala Defendants, sold identical goods under different seller aliases at different price points to maximize his market share on Amazon.

32. Moreover, as a backup plan, the FoSala Defendants sold the same Accused Products, even under the same ASINs, under different seller aliases so it could continue to sell in the event that listings for the Accused Products were taken down. For example, the same R5 neck fan listing linked to a different seller alias "F-Summer," registered by Defendant shenzhenshiyiquanmaoyiyouxiangongsi, was sold while the same ASIN was taken down for seller alias "FrSara," registered by Defendant Shenzhen Liyue Technology Co., Ltd.

## COUNT I
## PATENT INFRINGEMENT OF THE 602 PATENT
## (35 U.S.C. § 271)

33. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34. As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the Accused Products that infringe directly and/or indirectly the '602 Patent.

35. As shown in the exemplary claim charts attached as **Exhibit 3.1, 3.2 and 3.4 to 3.6**, the Accused Products being sold by Defendants infringe at least Claim 1 of the '602 Patent, in that the Accused Products meet each and every element of Claim 1. The claim charts are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate

as the case proceeds.

36. Specifically, Defendants have infringed and continue to infringe each and every element of at least Claim 1 of the '602 Patent by making, using, importing, selling, and/or offering to sell the Accused Products in the United States without authorization or license from Plaintiff.

37. Defendants have actively induced and continues to induce others to directly infringe one or more claims of the '602 Patent. Upon information and belief, each of the Defendants understands, intends, and encourages consumers to use the Accused Products in the United States.

38. Defendants have profited by their infringement of the '602 Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

39. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the '602 Patent in connection with the offering to sell, selling, or importing of products that infringe the '602 Patent, including such acts into the State of New Jersey, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

40. Defendants' infringement has been and continues to be willful. Indeed, Mr. Song and Defendants were aware of the '602 Patent during the relevant time period as the '602 Patent is identified in the 2025 Agreements. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

41. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their

infringement of the '602 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

42. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## PATENT INFRINGEMENT OF THE D932 PATENT
### (35 U.S.C. § 271)

43. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44. As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use M5 neck fans that infringe directly and/or indirectly the D932 Patent.

45. As shown in the exemplary claim chart attached as **Exhibit 3.3**, the M5 neck fans sold by Defendants infringe the D932 Patent, in that the M5 neck fans are substantially similar to, or at least a colorable imitation of the claimed design of at least the second embodiment of the D932 Patent.

46. Specifically, Defendants have infringed and continue to infringe the claimed design of the D932 Patent by making, using, importing, selling, and/or offering to sell infringing goods in the United States without authorization or license from Plaintiff.

47. Defendants have actively induced and continue to induce others to directly infringe the D932 Patent. Upon information and belief, each of the Defendants understands, intends, and encourages consumers to use the M5 neck fan in the United States.

48. Defendants have profited by their infringement of the D932 Patent, and

Plaintiff has suffered actual harm as a result of Defendants' infringement.

49. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the D932 Patent in connection with the offering to sell, selling, or importing of products that infringe the D932 Patent, including such acts into the State of New Jersey, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

50. Defendants' infringement has been and continues to be willful. Indeed, Mr. Song and Defendants have been aware of the D932 Patent during the relevant time period. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

51. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the D932 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

52. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty and, pursuant to 35 U.S.C. § 289, Defendants' total profit.

**COUNT III**
**BREACH OF THE 2025 AGREEMENTS AS TO FOSALA, JINHUI, JUNZE AND JIARUIHENG FOR THE PERIOD JANUARY 1, 2025 TO MAY 31, 2025**
**(IN THE ALTERNATIVE TO PATENT INFRINGEMENT FOR THIS PERIOD)**

53. Jisu hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

54. The 2025 Agreements are valid and enforceable agreements obligating the Licensee Defendants, FoSala, Jinhui, Junze and Jiruiheng, to pay royalties on sales of infringing products for the period from January 1 to December 31, 2025.

55. Jisu performed all of its obligations under the 2025 Agreements during the period in which it was in effect and did not breach the 2025 Agreements.

56. The Licensee Defendants did not make any royalty payments pursuant to the 2025 Agreements.

57. The Licensee Defendants did not provide any sales or royalty reports pursuant to the 2025 Agreements.

58. The Licensee Defendants breached paragraphs 2-4 of the 2025 Agreements by not providing monthly royalty reports and by not paying Jisu any royalties on the licensed products.

59. As a result of Licensee Defendants' breaches of the 2025 Agreements, and in the alternative to Jisu's claims for patent infringement, Jisu has suffered damages in an amount to be determined at trial.

60. Jisu is also entitled to specific performance of paragraphs 3 and 4 of the 2025 Agreements.

**COUNT IV**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**AS TO FOSALA, JINHUI, JUNZE AND JIARUIHENG**
**(IN THE ALTERNATIVE TO PATENT INFRINGEMENT)**

61. Jisu hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

62. There is implied, as a matter of law, a covenant of good faith and fair dealing in the 2025 Agreements, to the same extent as if same were expressly set forth therein, mandating that the Licensee Defendants, FoSala, Jinhui, Junze and Jiruiheng, deal with Jisu

with the utmost good faith and honesty and not engage in any act that would have the effect of depriving Jisu of the fruits of the 2025 Agreements.

63. By virtue of the conduct of the Licensee Defendants, as set forth in detail above, the Licensee Defendants have violated the covenant of good faith and fair dealing.

64. By virtue of the foregoing, Jisu has suffered damages in an amount to be determined at trial.

## COUNT V
## FRAUD IN THE INDUCEMENT
## AS TO FOSALA, JINHUI, JUNZE AND JIARUIHENG

65. Jisu hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

66. On information and belief, the Licensee Defendants, FoSala, Jinhui, Junze and Jiruiheng, made material misrepresentations to Jisu regarding its intent to provide royalty reports and pay royalties for its neck fan products.

67. On information and belief, the Licensee Defendants made such material misrepresentations to Jisu in order to avoid litigation for patent infringement, including an injunction for sales of the Accused Products, and to allow the Licensee Defendants to continue selling products that infringe Jisu's patents.

68. On information and belief, at the time that the Licensee Defendants made such misrepresentations and omissions, the Licensee Defendants knew that they had no intent to pay royalties or submit royalty reports.

69. Jisu, in express reliance on the Licensee Defendants' misrepresentations and omissions, entered into the 2025 Agreements.

70. Based on the foregoing fraud in the inducement, Jisu has suffered monetary damages and loss of market share in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patents; and

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patents.

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, Walmart, Temu, and/or eBay, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patents.

3) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patents.

4) That Judgment be entered against Defendants finding that infringement of Plaintiff's Patents has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284 and/or Defendants' total profit pursuant to 35 U.S.C. § 289, with interests and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's Patents.

7)  A finding that this case is exceptional under 35 U.S.C. § 285.

8)  As to FoSala, Jinhui, Junze and Jiruiheng, in the alternative to patent infringement damages for the period from January 1 to May 31, 2025, compensatory damages for breach of the 2025 Agreements.

9)  As to FoSala, Jinhui, Junze and Jiruiheng, in the alternative to patent infringement damages for the period from January 1 to May 31, 2025, an order requiring FoSala, Jinhui, Junze and Jiruiheng to provide royalty reports and payments pursuant to paragraphs 3 and 4 of the 2025 Agreements.

10) That Plaintiff be awarded its reasonable attorneys' fees and costs.

11) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through their undersigned counsel, hereby states that the matter in controversy is related to the following cases:

- *Shenzhen Jisu Technology Co., Ltd. v. Schedule A Defendants*, 2:25-cv-10889-CCC-LDW (D.N.J.);

- *Shenzhen Jisu Technology Co., Ltd. v. Schedule A Defendants*, 1:25-cv-15199-KMW-MJS (D.N.J.);

- *Shenzhen Jisu Technology Co. Ltd. v. Shenzhen Gaiatop Network Technology Co., Ltd.*, 1:25-cv-00619-KMW-MJS (D.N.J.); and

- *Shenzhen Jisu Technology Co., Ltd. v. Ontel Products Corporation,* 1:25-cv-01898-KMW-MJS (D.N.J.).

19

Dated: October 14, 2025 	Respectfully submitted,

/s/ John H. Choi
John H. Choi
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. 201.580.6600
Fax. 201.625.1108
Email. jchoi@jchoilaw.com

*Counsel for Plaintiff Shenzhen Jisu Technology Co., Ltd.*